HOUSTON M. GODDARD, P.J.,
concurring in part and dissenting in part.
I concur in all of the issues addressed in the majority opinion except the one questioning the Trial Court’s permitting -the Plaintiff to prove the entire bill from Er-langer Medical Center.
I recognize that Judge Susano has set out considerable authority to support the position reached by the majority. However, it appears this is a question of first impression in Tennessee and I cannot concur that the law should enable an injured plaintiff to be able to prove and, presumably, recover monetary damages for medical expenses which he has in fact not incurred, much less paid or became obligated to pay.
Assume, for instance, that in the case at bar the deceased had only received a relatively minor injury from which she fully recovered. However, the cost of her treatment and convalescence totaled $250,000, but she was only charged and obligated to pay the sum of $2500. Would she then be entitled to prove the $250,000 as a part of her damages? I think not. In my view, fundamental fairness requires a different resolution than that reached by the majority opinion.
I would hold that the introduction of the Erlanger bill was prejudicial error and — in light of Judge Barker’s statement relative to granting a new trial — remand the case for trial as to liability and damages, which would include only those medical bills which were paid or there was an obligation to pay.
OPINION ON PETITION FOR REHEARING
The appellees have filed a petition for rehearing pursuant to Rule 39, T.R.A.P. They seem to contend that, in our review and analysis of the trial court’s directed verdict for the defendants, we overlooked or ignored the testimony of Dr. Ronald B. Cox, the accident reconstruction expert who testified on their behalf. They also argue that our statement that a jury could reasonably conclude that Mrs. Kennedy was in a hurry to reach a doctor’s office is contrary to her testimony and otherwise unsupported by the evidence. Finally, they contend that we incorrectly held that this case was controlled by Turner v. Jordan, 957 S.W.2d 815 (Tenn.1997).
The appellees’ petition assumes, albeit incorrectly, that our evaluation of the propriety of the trial court’s grant of a directed verdict should be based upon a weighing of all the evidence in this case. This is not the rule. While we are required to consider all the evidence, we are not permitted to weigh that evidence to determine where the preponderance of the evidence lies. As the Supreme Court has stated on numerous occasions, in evaluating a grant of a directed verdict, we are required to “discard[ ] all countervailing evidence” — i.e., all evidence contrary to the evidence favorable to the nonmovant. Eaton v. McLain, 891 S.W.2d 587, 590 (Tenn.1994).
Since a jury is at liberty to ignore evidence that it does not find credible— even the arguably uncontradicted testimony of an expert (such as Dr. Cox), see e.g., Speight v. Gibbs, 486 S.W.2d 922, 924 (Tenn.App.1972) — it logically follows that when we consider the issue of a directed verdict, we must ignore all testimony that tends to support a verdict against the *766 nonmovant. If the direct, circumstantial, and inferential evidence that is left — in other words, the evidence that tends to support a verdict for the nonmovant — is legally sufficient to uphold such a verdict, the motion for directed verdict must be denied. Thus, we ignore the testimony of Dr. Cox to the extent that it supports a verdict in favor of the Kennedys and against Mr. Fye.
The fact that Mrs. Kennedy testified that she was not in a hurry is not determinative of this factual issue. The jury could have drawn a reasonable inference that she was in a hurry (1) from her speed as she approached this usually busy intersection, (2) from her failure to see the light turn from green to yellow, and (3) from the fact that the accident happened at or very near the time of the first doctor’s appointment and at a time when she was still some distance from the doctor’s office. In the directed verdict analysis, this reasonable inference “trumps” Mrs. Kennedy’s “countervailing” testimony. It matters not that there was no direct testimony that Mrs. Kennedy was in a hurry. A reasonable inference of this fact is all that is required to support a jury’s finding of this factual matter.
The analysis urged by the appellees is, of course, the correct approach to be taken by a trial judge when he or she exercises his or her role as the thirteenth juror. If, after weighing the evidence, the trial judge determines that he or she is not satisfied with the jury’s verdict because the preponderance of the evidence is against that verdict, the trial judge is authorized — in fact, is required — to set the verdict aside and grant a new trial. Ridings v. Norfolk Southern Ry. Co., 894 S.W.2d 281, 288 (Tenn.App.1994) ,[1]
In the instant case, Judge Payne, acting in his role as the thirteenth juror, weighed the evidence and expressed his dissatisfaction with the verdict. This was his prerogative, id.; but the role of the trial judge as the thirteenth juror is completely different from his or her role when the trial judge rules on a motion for directed verdict. The former exercise involves an independent evaluation and weighing of all the evidence, including an assessment of the credibility of the witnesses. No deference can be shown to the jury’s determination. However, in the directed verdict analysis, the trial judge does not weigh the evidence or assess its credibility. On the contrary, he or she must simply decide whether the evidence favorable to the nonmovant, if believed by the jury, would be legally sufficient to support a verdict for that party. If so, the motion must be denied.
In the instant case, there was evidence from which a jury could reasonably conclude that Mrs. Kennedy was guilty of actionable negligence that was a proximate cause of the accident. Hence, the motion for directed verdict was not well taken and should have been denied.
The trial judge in this case properly performed his role as the thirteenth juror. Finding no “exceptional circumstances” requiring us to do otherwise, we are compelled to remand for a new trial.
As to the reallocation of fault issue, we do not find that the case[2] cited in the petition warrants a change in our opinion. In that case, the trial court reallocated the jury’s fault determination because of a mistake of law. In the instant case, the trial court reallocated fault because it determined that the facts did not support the jury’s allocation of fault. This it cannot do under the holding in the Turner case.
The petition for rehearing is DENIED at the appellees’ costs.
*767 IT IS SO ORDERED,
/s/ Charles D. Susano, Jr.
Charles D. Susano, Jr., J.
HOUSTON M. GODDARD, P.J. and WILLIAM H. INMAN, Senior Judge, concur.

. This can occur only twice in a given case. See T.C.A. § 27-2-101.

. Brown v. Wal-Mart Discount Cities, 1998 WL 44958 (Court of Appeals at Nashville, February 6, 1998).